**McALESTER REGIONAL HOSPITAL and Dr. Bruce Hinkley, Petitioners,**

**and**

**Lanny Hedgecock, Claimant,**

v.

**DARRYL BOND CONSTRUCTION, Continental Casualty Insurance and The Workers' Compensation Court, Respondents.**

**No. 74210.**

Court of Appeals of Oklahoma, Division No. III.

Aug. 14, 1990.

Craig Dawkins, Oklahoma City, for petitioners.

·James Durant, Oklahoma City, for respondents.

## MEMORANDUM OPINION

HANSEN, Judge:

Petitioners, McAlester Regional Hospital and Dr. Bruce Hinkley, seek review of a three judge panel's decision limiting liability of respondent employer, or its insurance carrier, for medical care provided Claimant. Petitioners contend the panel erred, inter alia, in applying the liability cap provided in 85 O.S.1986 Supp. § 14(G). We agree.

Although Petitioners argue other theories in support of their position that Respondents' liability should not be limited, we find the misapplication of § 14(G) dispositive and need not address the other briefed issues.

Claimant was injured on October 3, 1986, while lifting a heavy concrete finishing machine. His entitlement to disability compensation is not in question, nor is the fact that he changed physicians without prior court approval or agreement of his employer.

The record reflects Claimant was initially treated by Dr. L. in October 1986. He was released by Dr. L. in February 1987. Upon the advice of friends and without referral by Dr. L., or court approval or agreement, Claimant began treatment by Petitioner Dr. Hinkley in March 1987. Dr. Hinkley performed surgery upon Claimant in McAlester Regional Hospital in July 1987. The medical charges in question arise out of this course of treatment. At trial, employer and insurance carrier objected to the Forms 19, *Request for Payment of Charges for Medical or Rehabilitative Services,* submitted by Petitioners, arguing the change of physicians was not authorized as required by law.

The trial court ordered employer or its insurance carrier to pay "... reasonable and necessary medical expenses incurred by claimant as a result of said (compensable) injury ..." in the total amount of $8,939.70, substantially all that was claimed by the medical providers. ·Employer and insurance carrier appealed the trial

court's order to the three judge panel alleging:

    1. That paragraph 7 is contrary to law and against the weight of the evidence submitted at the time of trial.

The appeal to the three judge panel contained only the one general allegation of error and no statements of specific error.

The order on appeal, issued by the three judge panel, found parts of the trial court's order were "contrary to law", and modified the order, vacating paragraph 7 and substituting its own. The substituted paragraph ordered employer or insurance carrier to prorate the sum of $500.00 among the claiming medical providers. The order on appeal contained no specific findings, nor citations of authority. Nonetheless, upon review of the record and the briefs of the parties, it is clear the modification by the panel was based upon the limitations set out in 85 O.S.1986 Supp. § 14(G). There is no evidence in the record to support an award to the medical providers totaling $500.00, leaving the conclusion that the court, sitting as a panel, applied the $500.00 limitation provided in § 14(G). We find that application to be erroneous as a matter of law.

▄▄▄ As previously noted, Claimant was injured on October 3, 1986. Section 14(G) became effective on November 1, 1986. Contrary to Respondents' contention that the date of treatment should be controlling, it is well established that an amendment affecting benefits under the Workers' Compensation Act is inapplicable to injuries sustained prior to its enactment. *Apple v. State Insurance Fund*, 540 P.2d 545 (Okl.1975); *Weber v. Armco, Inc.*, 663 P.2d 1221 (Okl.1983). Accordingly, Claimant's rights to benefits under the Act, and employer's obligation to pay benefits, became fixed and vested at the time of injury. The statutes in effect at the time of injury form a part of the contractual relationship between employee and employer from which these rights and obligations flow. *Knott v. Halliburton Services*, 752 P.2d 812 (Okl.1988). The right to obtain medical care and to have providers compensated unaffected by the limiting provisions of § 14(G) was part of the package of benefits to which Claimant was entitled at the time of his injury. The panel's order relies upon a statutory amendment effective after Claimant's injury. This is a retrospective application of an amendment affecting workers' compensation benefits, and as such, is error.

Employer and insurance carrier argue that even if 85 O.S.Supp.1986 § 14(G) is inapplicable in this case, they should not be liable because the medical expenses were unauthorized under the law in effect at the time of the injury. We do not agree.

▄▄▄ Claimant was not referred to Dr. Hinkley, nor did he obtain prior court approval or his employer's agreement to change physicians. However, the Supreme Court has held the Workers' Compensation Court may approve a claimant's change of physicians retrospectively. *Iwunoh v. Maremont Corporation*, 692 P.2d 548 (Okl.1984). Such approval is implicit in the trial court's order directing payment to the medical providers.

In the absence of a clear statement by the court sitting as a panel as to why retrospective approval was contrary to law, we find nothing to support that conclusion.

Similarly, we find respondents' argument—that the panel's order concluded the treatment in question was not reasonable or necessary—inconsistent with the panel's allowing recovery of *any* medical expenses, albeit limited.

The panel's order is contrary to law and is therefore vacated and the cause remanded with instructions to enter judgment consistent with the trial court's order.

Respondent's Motion to Dismiss is denied. Rule 1.101(a)(II) Appellate Procedure in Civil Cases 12 O.S.1989 Supp. Ch. 15, App. 2.

Order VACATED and cause REMANDED.

GARRETT, P.J., and HUNTER, V.C.J., concur.