(883 P.2d 1225)
No. 71,293
No. 71,431
No. 71,432
No. 71,433
No. 71,434

In the Matter of the Marriage of DANIEL LEE SCHUHS, *Appellant*, and CASSANDRA M. SCHUHS, *Appellee*.

Opinion filed November 4, 1994.

*Robert R. Lee*, of Wilson, Lee & Gurney, of Wichita, for appellant in No. 71,293, and *James B. Zongker* and *Julie L. Orr*, of Render, Kamas & Hammond, of Wichita, for appellants in Nos. 71,431; 71,432; 71,433; and 71,434.

*Gary H. Jarchow* and *Kay Gowen*, of Office of the Court Trustee, of Wichita, for appellees.

Before ELLIOTT, P.J., RULON, J., and DAVID F. BREWSTER, District Judge, assigned.

ELLIOTT, J.: In these five consolidated cases, appellants appeal the trial court's findings that their workers compensation benefits may be attached for past due child support, even though their work-related injuries occurred prior to the 1993 amendment to the workers compensation law, which now allows involuntary attachments for past due child support.

We affirm.

The facts are not in dispute and are essentially as related above. Prior to the 1993 amendments, workers compensation law contained a spendthrift/exemption/anti-alienation section. Prior to the 1993 amendment, K.S.A. 44-514 provided that no claim for compensation was assignable or subject to attachment and the "exemption" could not be waived.

As of July 1, 1993, K.S.A. 44-514 was divided into subsections (a) and (b). Subsection (a) is essentially as it was before. Subsection (b) states workers compensation benefits shall be subject to an order for support by either voluntary or involuntary assignment.

Appellants' argument necessarily assumes that when the legislature amended the statute, it changed existing law. We disagree.

Ordinarily, there is a presumption that a change in the language of a statute results from the legislative purpose to change its effect. *Board of Education of U.S.D. 512 v. Vic Regnier Builders, Inc.*, 231 Kan. 731, 736, 648 P.2d 1143 (1982).

The 1993 amendment to the statute we must consider is but one part of an extensive revision of workers compensation law. See L. 1993, ch. 286. Moreover, extensive research into the legislative intent behind the amendment produced no information of any consequence on the specific amendment. Thus, it is unclear whether the legislature intended to change the law or merely codify existing law.

The closest case we have found to the present issue is *Monson v. Battelle*, 102 Kan. 208, 170 Pac. 801 (1918), where the injured worker assigned his award in trust for his children. Defendant argued the assignment was invalid under the provision prohibiting assignment. The court stated, "An assignment to a trustee for the benefit of the children of an injured workman would not seem necessarily to conflict with the spirit of the law. We shall assume, however, without deciding, that the assignment is invalid." 102 Kan. at 209.

The majority of other states considering this issue hold the general exemption statutes do not apply to attachments for past due child support. See, *e.g.*, Annot., Construction and Effect of Statutory Exemptions of Proceeds of Workmen's Compensation

Awards, 31 A.L.R.3d 532, § 6. See 82 Am. Jur. 2d, Workers' Compensation § 727.

Kansas appears to follow this policy with regard to other general exemption/anti-assignment statutes. See *Mahone v. Mahone*, 213 Kan. 346, Syl. ¶ 3, 517 P.2d·131 (1973) (accumulated funds due and owing from KPERS may be reached to satisfy child support orders; K.S.A. 74-4923 exemption not applicable). After *Mahone*, the legislature amended the statute to expressly prohibit attachment of KPERS funds to pay support and alimony. L. 1974, ch. 338, § 1. In 1991, the legislature reversed itself. See L. 1991, ch. 238, § 3. Kansas has consistently held that property exempted by statute is ordinarily not exempt from claims for maintenance or past due child support. See *Mariche v. Mariche*, 243 Kan. 547, 550, 758 P.2d 745 (1988) (federal social security disability benefits; *In re Marriage of Schoneman*, 13 Kan. App. 2d 536, 775 P.2d 194 (1989) (individual retirement accounts).

Then came *In re Marriage of Johnson*, 19 Kan. App. 2d 487, Syl. ¶ 3, 872 P.2d 308 (1994), where we held the homestead exemption protects against forced sale to satisfy a judgment lien for past due child support predating the acquisition of the homestead.

How *Johnson* compares with *Johnson v. Johnson*, 66 Kan. 546, 72 Pac. 267 (1903), and *Blankenship v. Blankenship*, 19 Kan. 159 (1877), wherein the courts allowed liens on homesteads for alimony judgments, we need not decide. We are thus left with a general exemption statute and claims for past due child support.

Applying *Mahone* and its progeny and our rules of statutory interpretation, K.S.A. 44-514 does not prevent attachment of workers compensation benefits to satisfy past due child support obligations. The 1993 amendments did not change the law but merely codified it.

Appellants also argue the trial court retrospectively applied the post-amendment version of K.S.A. 44-514. Frankly, the five journal entries do indicate this to be the fact. However, we will affirm the trial court when it is right for any reason. See *Bank of Kansas v. Davison*, 253 Kan. 780, 861 P.2d 806 (1993).

The outcome remains the same: Appellants' workers compensation benefits are subject to attachment to satisfy past due child support obligations.

We need not reach other issues raised on this appeal.

Affirmed.