(930 P.2d 22)
No. 75,021

STATE OF KANSAS, *Appellee*, v. WADE L. PATTERSON, JR., *Appellant*.

Opinion filed January 10, 1997.

*Ernest L. Tousley*, of O'Hara, O'Hara & Tousley, of Wichita, for appellant.

*Thomas J. Schultz*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., PIERRON and ROYSE, JJ.

ROYSE, J.: Wade L. Patterson appeals his conviction for felony possession of marijuana, contrary to K.S.A. 1994 Supp. 65-4162(a).

Following a bench trial, the district court found Patterson guilty of possessing marijuana after a prior conviction. The district court relied upon the fact that Patterson had previously been convicted in municipal court on a charge of possession of marijuana. The district court sentenced Patterson to a term of 37 months in prison, followed by 12 months of post release supervision. Patterson's prison term was ordered to run consecutive to a prior sentence of 133 months imposed in an earlier case.

Patterson argues for the first time on appeal that his conviction in municipal court for possession of marijuana cannot be used as a prior conviction for purposes of 65-4162(a). Ordinarily, appellate courts will not consider an issue which the parties do not raise in the district court. There is an exception to this general rule, however, in exceptional circumstances, where consideration of the new issue is necessary to serve the ends of justice or to prevent a denial of fundamental rights. *State v. Bell*, 258 Kan. 123, 126, 899 P.2d 1000 (1995).

Resolution of the issue Patterson now raises will determine whether his conviction stands as a felony or a misdemeanor, with

a substantial impact on his period of incarceration. Thus, consideration of the issue in this case is consistent with the criteria listed in *Bell*.

Whether a municipal conviction may be used as a prior conviction under 65-4162(a) is a matter of statutory interpretation. Statutory interpretation is a question of law. *State v. Donlay*, 253 Kan. 132, 133, 853 P.2d 680 (1993).

K.S.A. 1994 Supp. 65-4162(a) provides in pertinent part:

"Except as otherwise provided, any person who violates this subsection shall be guilty of a class A nonperson misdemeanor. If any person has a prior conviction under this section or a conviction for a substantially similar offense from another jurisdiction, then such person shall be guilty of a drug severity level 4 felony."

The following rules of statutory interpretation provide guidance in interpreting 65-4162(a). " 'It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.' " *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). "When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). "[T]he legislature is presumed to intend that a statute be given a reasonable construction, so as to avoid unreasonable or absurd results." *Todd v. Kelly*, 251 Kan. 512, 520, 837 P.2d 381 (1992).

In 1995, 65-4162(a) was amended to read, in part:

"Except as otherwise provided, any person who violates this subsection shall be guilty of a class A nonperson misdemeanor. If any person has a prior conviction under this section, a conviction for a *substantially similar offense from another jurisdiction or* a conviction of a violation of an *ordinance of any city or resolution of any county* for a substantially similar offense . . . , then such person shall be guilty of a drug severity level 4 felony." (Emphasis added.) L. 1995, ch. 218, § 2.

After this 1995 amendment, a municipal conviction is clearly included. "When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment." *Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799 P.2d 1011 (1990). "Ordinarily, there is a presumption

that a change in the language of a statute results from the legislative purpose to change its effect." *In re Marriage of Schuhs*, 20 Kan. App. 2d 98, 99, 883 P.2d 1225 (1994), *rev. denied* 257 Kan. 1092 (1995). These statutory interpretation rules support Patterson's argument that municipal convictions were not included under K.S.A. 1994 Supp. 65-4162(a).

In *State v. Dunn*, 21 Kan. App. 2d 359, 364, 900 P.2d 245 (1995), this court held that municipal convictions may not be used in computing the criminal history of a defendant under the provisions of Kansas Sentencing Guidelines Act then in effect. The statute at issue in *Dunn*, K.S.A. 1993 Supp. 21-4711(a), provided: "Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes." In determining defendant's criminal history, K.S.A. 1993 Supp. 21-4701(d)(7) did not authorize the use of municipal convictions. In 1994, that statute was amended to specifically include municipal violations which are comparable to state misdemeanors▌

The *Dunn* court analyzed the amendment as follows:

> "It is clear that in 1993 the statute did not expressly include municipal convictions in detailing what misdemeanors should be considered and scored. In order to include municipal convictions, we would be required to construe the statute as saying something which it does not clearly and expressly state. Such a construction would be contrary to the rule of strict construction which we are to apply in cases of this nature. Our criminal statutes are to be construed strictly against the State. *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993)." 21 Kan. App. 2d at 361.

In *State v. Floyd*, 218 Kan. 764, 768, 544 P.2d 1380 (1976), the court determined that K.S.A. 1974 Supp. 65-4127b(a) (now codified as 65-4162) did not allow a previous municipal possession of marijuana conviction to enhance a subsequent district court conviction for possession of marijuana, so as to make the subsequent offense a felony rather than a misdemeanor. K.S.A. 1974 Supp. 65-4127b(a) provided: "Any person who violates this subsection shall be guilty of a class A misdemeanor, except that upon conviction for a second or subsequent offense, such person shall be guilty of a class D felony." 218 Kan. at 765. The *Floyd* court indicated that "[i]n the absence of clear statutory language a prior conviction un-

der a city ordinance does not support a charge of a subsequent offense under a state statute." 218 Kan. 764, Syl. ¶ 2.

For all the foregoing reasons, we conclude the district court erred in using Patterson's municipal conviction to classify his conviction as a felony rather than a misdemeanor.

Reversed and remanded for resentencing consistent with this opinion.