(936 P.2d 297)

No. 76,068

LARY M. OSBORN, *Appellee*, v. ELECTRIC CORPORATION OF KANSAS CITY and TRANSPORTATION INSURANCE COMPANY, *Appellants*.

Opinion filed April 25, 1997.

*Douglas M. Greenwald* and *Anton C. Andersen*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellants.

*Dennis L. Horner* and *Kathleen M. Lynch*, of Horner and Duckers, Chartered, of Kansas City, for appellee.

*Timothy A. Short*, of Spigarelli, McLane & Short, of Pittsburg, for *amicus curiae* Kansas Trial Lawyers Association.

Before KNUDSON, P.J., RULON, J., and RICHARD B. WALKER, District Judge, assigned.

RULON, J.: Respondent Electric Corporation of Kansas City and its insurer Transportation Insurance Company (hereafter collectively referred to as respondent) appeal from an order of the Workers Compensation Board (Board) awarding claimant Lary Osborn permanent partial disability benefits. At issue is this court's decision in *Boucher v. Peerless Products, Inc.*, 21 Kan. App. 2d 977, Syl. ¶ 2, 911 P.2d 198, *rev. denied* 260 Kan. 991 (1996), and the legislature's recent amendment to the statute at issue in *Boucher*. An *amicus curiae* brief has been filed by the Kansas Trial Lawyers Association. We reverse.

The essential facts are as follows:

At the time of his injury, claimant Lary Osborn was co-owner and executive vice-president of Electric Corporation of Kansas City (ECKC), a closely held corporation. On the evening of January 13, 1992, claimant and employees of respondent corporation were performing fire-fighting functions at the Americold caves in Kansas City, Kansas. While in the course and scope of his employment, claimant sustained an electrical shock from a cord attached to a live generator. An hour later claimant began experiencing pain in his left shoulder, elbow, hand, and neck. Claimant did not seek medical treatment, but continued working. A day or two later, claimant went to see his family physician, who prescribed anti-inflammatory medication to relieve claimant's symptoms. Claimant was referred to an orthopedic surgeon and later a neurosurgeon

who recommended claimant have surgery for his arm. Claimant declined the recommendation for surgery, but has since seen several chiropractors and has continually received massage therapy for his injuries.

Claimant testified, and the Board found, that claimant has missed no work as a result of his injuries, nor has he suffered any loss of wages. The parties stipulated that if claimant were eligible for permanent partial disability benefits, he has a 12 ¾ percent whole body impairment. Both the administrative law judge (ALJ) and the Board found claimant eligible for permanent partial disability benefits based on a prior ruling of the Board in *Robert Boucher v. Peerless Products, Inc. and Home Indemnity Company*, Docket No. 189,576, filed April 28, 1995, a decision later appealed to and reversed by this court. *Boucher v. Peerless Products, Inc.*, 21 Kan. App. 2d 977.

The parties disagreed on claimant's average weekly wage. Payroll records show claimant received a bi-monthly salary of $702.69 and received $88,716.00 in bonuses and commissions during the year of his injury. Claimant additionally received a check for $16,864.56 which he earned as "consultant" for ECKC; that amount was then paid to claimant's corporation, Osborn Industries. The Board excluded the consulting fees from the calculation of claimant's average weekly wage, finding that the payment was made to claimant as an employee of Osborn Industries, not ECKC. The Board ordered a total award of $71,624.85. Respondent and its insurer appeal.

We must decide if under K.S.A. 44-501(c) a claimant can recover permanent partial disability benefits for a work-related injury when such claimant misses no work and continues to earn full wages doing the same work for which claimant was employed.

K.S.A. 44-501(c) provides:

"Except for liability for medical compensation, as provided for in K.S.A. 44-510 and amendments thereto, the employer shall not be liable under the workers compensation act in respect of any injury which does not disable the employee for a period of at least one week from earning full wages at the work at which the employee is employed."

Recently, in *Boucher v. Peerless Products, Inc.*, 21 Kan. App. 2d 977, Syl. ¶ 2, this court interpreted the meaning of K.S.A. 44-501(c). We held:

"Under the plain and unambiguous language of K.S.A. 44-501(c), where an injury does not disable the employee for a period of at least 1 week from earning full wages at the work at which the employee is employed, the employer is liable only for the medical expenses incurred by the employee, there being no loss of wages or compensation to the employee."

This court denied Boucher's request for a rehearing en banc, and the Kansas Supreme Court denied Boucher's petition for review. Approximately 2 months after our decision, the Kansas Legislature amended K.S.A. 44-501(c). The amended version deletes all reference to the language interpreted in *Boucher*. K.S.A. 1996 Supp. 44-501(c). The legislature further enacted the following language governing the application of the amended version of K.S.A. 1996 Supp. 44-501(c): "The provisions of K.S.A. 44-501, as amended by section 1 of this act, shall apply to any claim brought under the Kansas workers compensation act for an injury which occurred prior to the effective date of this act, unless the claim has been fully adjudicated." K.S.A. 1996 Supp. 44-501a. Both parties agree the legislature's intent is that K.S.A. 44-501(c), as amended, be applied retroactively, and, if so applied, claimant is eligible for permanent partial disability benefits.

"Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995). "When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment." *Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799 P.2d 1011 (1990). We presume that a change in the language of a statute results from the legislative purpose to change its effect. *In re Marriage of Schuhs*, 20 Kan. App. 2d 98, 99, 883 P.2d 1225 (1994), *rev. denied* 257 Kan. 1092 (1995).

"[T]his presumption may be strong or weak according to the circumstances, and may be wanting altogether in a particular case. The presumption is fairly strong in the case of an isolated, independent amendment, but is of little force in the

case of amendments adopted in a general revision or codification of the law." *Board of Education of U.S.D. 512 v. Vic Regnier Builders, Inc.*, 231 Kan. 731, 736, 648 P.2d 1143 (1982).

Finally, "[i]t is presumed that the legislature acts with full knowledge as to judicial decisions on prior law." *State ex rel. Stephan v. Finney*, 254 Kan. 632, 646, 867 P.2d 1034 (1994).

Applying the above presumptions, we conclude the purpose to be accomplished by the legislature and the effect of the challenged statutory amendment was to eliminate the effect of our decision in *Boucher*. We are further convinced the legislature intended K.S.A. 1996 Supp. 44-501(c) to apply retroactively.

Ordinarily, a statute will be construed to operate prospectively unless its language clearly indicates that the legislature intended it to operate retroactively. "Where the language used is plain, unambiguous, and appropriate to an obvious purpose, the court should follow the intent as expressed by the words used." *Boucher*, 21 Kan. App. 2d at 980. The plain and unambiguous language of K.S.A. 1996 Supp. 44-501a clearly evidences the legislature's intent that the 1996 amendments to K.S.A. 44-501 apply retroactively to all cases not fully adjudicated on its effective date. This cause is currently pending on appeal, and, as such, it has not been fully adjudicated. See *Gleason v. Samaritan Home*, 260 Kan. 970, 984, 926 P.2d 1349 (1996) ("[A] decision of an inferior court is not a final decision until the period for appeal has run and the case has not been appealed or the case has been appealed and finally adjudicated."). Consequently, to the extent K.S.A. 1996 Supp. 44-501(c) can be applied retroactively, it governs the legal question of claimant's ability to receive permanent partial disability benefits at issue in this appeal.

We turn now to the constitutional issue of whether K.S.A. 1996 Supp. 44-501(c) can be applied retroactively to injuries occurring before the effective date of the new law, or whether the application of that section would unconstitutionally interfere with respondent's substantive due process rights.

Respondent argues that retroactive application of K.S.A. 1996 Supp. 44-501(c) denies it the benefit of a substantive, or vested, right of defense against claimant's request for permanent partial

disability benefits. The language of K.S.A. 44-501(c) clearly provided that the employer would not be liable under the Workers Compensation Act unless the employee's disability rendered claimant unable to work for 1 week at full wages at the work at which the employee was employed. Under the facts of this case, respondent would not be liable for any claim for permanent partial disability under K.S.A. 44-501(c). Under the amended version of 44-510(c), respondent would be liable to claimant for these benefits. The issue is whether the retroactive application of K.S.A. 1996 Supp. 44-501(c) alters the substantive rights of respondent by creating liability where before there was none.

" 'Vested rights' is a term that is used to describe rights that cannot be taken away by retroactive legislation. [Citation omitted.] Retroactive legislation affecting vested rights would constitute the taking of property without due process. [Citation omitted.]" *Gardner v. Gardner*, 22 Kan. App 2d 314, 317, 916 P.2d 43, *rev. denied* 260 Kan. 992 (1996). Kansas recognizes a distinction between procedural and substantive changes in the law when determining whether such laws can be applied retroactively. *Resolution Trust Corp v. Fleischer*, 257 Kan. 360, 368, 892 P.2d 497 (1995).

"'There is no vested right in any particular remedy or method of procedure.' *Jones v. Garrett*, 192 Kan. 109, Syl. ¶ 6, 386 P.2d 194 (1963). 'A different rule applies, however, to substantive laws. They affect vested rights and are not subject to retroactive legislation.' *Harding [v. K.C. Wall Products, Inc.*, 250 Kan. 655, 668, 831 P.2d 958 (1992)]; *Rios v. Board of Public Utilities of Kansas City*, 256 Kan. 184, 190, 883 P.2d 1177 (1994). Procedure has been described as the 'machinery for carrying on the suit, including pleading, process, evidence, and practice,' and 'the mode or proceeding by which a legal right is enforced, that which regulates the formal steps in an action.' *Jones*, 192 Kan. 109, Syl. ¶¶ 2, 4. Substance, on the other hand, has been described as 'the law which gives or defines the right,' the 'law which gives the right or denounces the wrong,' and 'the law creating any liability against the defendant for his tort committed.' *Jones*, 192 Kan. at 114-15." 257 Kan. at 366.

Our Supreme Court has said:

"There is no distinction between a vested right of action and a vested right of defense. Accordingly, the general rule is that a vested right to an existing defense is protected in like manner as a right of action, with the exception only of those

defenses which are based on informalities not affecting substantial rights." *Jackson v. American Best Freight System, Inc.*, 238 Kan. 322, 325, 709 P.2d 983 (1985).

In workers compensation cases, the law in effect at the time of the injury governs the rights and obligations of the parties. *Lyon v. Wilson*, 201 Kan. 768, 774, 443 P.2d 314 (1968); *Johnson v. Warren*, 192 Kan. 310, Syl. ¶ 2, 387 P.2d 213 (1963).

"The liability of an employer to an injured employee is a liability arising out of a contract between them, and the terms of the statute are embodied in the contract [Citation omitted]; the injured employee must therefore recover upon the contract with his employer, and the cause of action accrues on the date of the injury. [Citations omitted.] Where parties are under the compensation act their substantive rights are determined by the law in effect on the date of the [employee's] injury. [Citation omitted.]

" . . . The general rule, however, is that a statute . . . has no retrospective effect unless its language clearly indicates that the legislature so intended, and that retrospective application is not to be given where vested rights will be impaired. [Citations omitted.]" *Johnson*, 192 Kan. at 313-14.

See Annot., 82 A.L.R. 1244.

When an employee is injured, the right of the employee to receive compensation becomes vested and the obligation to pay is fixed. *McAlester Hosp. v. Darryl Bond Const.*, 796 P.2d 1181, 1183 (Okla. App. 1990). Any attempted change of such vested rights and fixed obligations by statute would clearly be to impair the obligation of contracts. See *State, ex rel., v. Public Service Comm.*, 135 Kan. 491, 501-02, 11 P.2d 999 (1932) (citing with approval *Richards v. City Lumber Co.*, 101 Miss. 678, 691-92, 57 So. 977 [1912], and *Grand Rapids v. Lake Shore, Etc., R. Co.*, 130 Mich. 238, 242 [1902], holding retroactive legislation invalid where it destroys a valid defense or imposes liability where none previously existed; *Gauthier's Case*, 120 Me. 73, 76-77, 113 A. 28 (1921).

Here, it is clear the retroactive application of K.S.A. 1996 Supp. 44-501(c) would render respondent liable for permanent partial disability benefits. K.S.A. 44-501(c) defined the rights of both parties and clearly established that an employer would have no liability under the Act unless certain conditions were met. The rights created by the former statute are substantive in nature and cannot be destroyed by retroactive legislation imposing liability where it did

not previously exist. To hold otherwise would unconstitutionally impair respondent's due process right to have the substantive law in effect at the time of injury applied to the case.

We limit our holding to the specific issue addressed in this case. The legislature has every right to alter the workers compensation statutes, but K.S.A. 1996 Supp. 44-501(c) may be given prospective application only.

Respondent also challenges the Board's calculation of claimant's average weekly wage. In light of the above conclusion, this issue need not be addressed because claimant is ineligible for permanent partial disability benefits.

Reversed.