(22 P.3d 615)
No. 85,077

ROSA M. ALBRIGHT, *Appellant,* v. KANSAS DEPARTMENT OF TRANSPORTATION, STATE OF KANSAS, *Appellee.*

Opinion filed April 27, 2001.

*Kenneth E. Peirce,* of Peirce Law Office, of Hutchinson, for the appellant.

*Vicky S. Johnson* and *Michael B. Rees,* of Kansas Department of Transportation, for the appellee.

Before MARQUARDT, P.J., GREEN, J., and BUCHELE, S.J.

BUCHELE, J.: On August 15, 1998, the appellant, Rosa Albright, was a passenger in a vehicle that was involved in a collision at the intersection of McNew Road and Longview Road south of Hutchinson in Reno County. The appellant claims that the Kansas Department of Transportation (KDOT) is responsible for her personal injury as there was no stop or yield sign at the intersection.

In August 1998, KDOT closed the intersection of K-96 and K-17 for construction. KDOT had established an official detour around the intersection for the K-17 traffic. There was no provision for an official detour for traffic headed west on K-96 desiring to turn south on K-17 other than going 17 miles out of the way on the official detour. Access to a local business called Crupper's Corner (Crupper's) was affected by the detour. Crupper's approached KDOT and requested permission to erect signs directing traffic to

its business via county dirt roads. Permission was granted by KDOT for Crupper's to put up signs directing traffic to its place of business.

The appellant argues that KDOT "controlled" the Crupper's detour by giving Crupper's permission to erect the signs and requiring Crupper's to remove some refrigerators upon which Crupper's had painted the detour signs. Subsequent to the accident, KDOT directed Crupper's to paint over the word "detour." One of the signs placed by Crupper's directed traffic off of K-96 onto Longview Road. The driver of the vehicle in which the appellant was a passenger claims he relied on this "detour" sign to get him onto Longview Road, which was a shorter and more direct route for him to travel.

Since KDOT did not consider the Longview Road to be an official detour, KDOT had not taken any steps to erect traffic control signs at intersections.

The appellant sued KDOT alleging it was negligent in permitting an illegal and dangerous nonstatutory detour. She filed a motion for partial summary judgment claiming she was entitled to judgment as a matter of law on the unofficial detour as a nondiscretionary act, if she established that the detour was negligently established. KDOT opposed the motion, claiming the signs posted by Crupper's were not official detour signs and, therefore, KDOT had no duty to maintain the roads with posted signs. After a hearing on the motion, the trial court found that KDOT had no duty or liability and dismissed the case.

Statutory interpretation is a question of law. Appellate review of questions of law is unlimited. See *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

" ' "It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained." ' [Citation omitted.] 'When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be.' [Citation omitted.] '[T]he legislature is presumed to intend that a statute be given a reasonable construction, so as to avoid unreasonable or absurd results.' [Citation omitted.]" *State v. Patterson*, 23 Kan. App. 2d 346, 347, 930 P.2d 22 (1997).

Appellant relies on K.S.A. 68-406(c) for her position that KDOT had a duty to sign and maintain the local roads where the accident occurred. She argues that KDOT established a detour when it allowed Crupper's to place direction signs to its business. K.S.A. 68-406(c) provides:

"The secretary of transportation may mark and maintain existing roads as detours, but detour roads shall not be part of the state highway system, except that such roads shall be marked and maintained by the secretary of transportation only until that portion of the state highway system for which such road is substituted is completed and open for travel."

This statute provides that the Secretary of KDOT *may* mark roads as detours around road work on state highways. However, if these designated detour roads are marked, the Secretary *must* maintained the detour roads until the road work is completed. This statute alone does not answer whether KDOT created a detour within the meaning of the statute by permitting Crupper's to erect a sign directing traffic to the business or whether KDOT owed the appellant a duty. However, when the statute is read in context of the statutory scheme, the legislature's intent becomes clearer.

The relevant part of K.S.A. 2000 Supp. 68-2103 states:

"In all cases where any municipality or the secretary of transportation shall engage in the making of any improvement on any highway and shall not permit public use of such highway while so engaged, . . . such municipality or the secretary shall construct a detour or establish a detour route which shall at all times be passable and free from danger, and place suitable warning signs thereto, advising the public of the change in such highway; and in the nighttime, until such improvement is completed, shall keep and maintain warning lights in such manner as to warn the public of the temporary change in the highway."

The duty to provide suitable warning signs is mandated only for detours constructed by KDOT. Giving permission for a local business to erect signs to the business does not create a duty upon KDOT to sign the routes. The signs directing traffic to Crupper's were not an official detour, and KDOT did not have a duty to maintain the road the appellant travelled on. The detour signs placed by Crupper's in this case would not be confused with KDOT's signs, and a reasonable person would not assume they were on an official detour.

Absent a duty to erect signs on local roads, the discretionary function exception to the Kansas Tort Claims Act is applicable to KDOT's authorizing a private business to erect directional signs.

K.S.A. 75-6104(e) provides that a governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion is abused and regardless of the level of discretion involved."

In order for a court to find the discretionary function exception does not apply, it must find that KDOT violated a "legal duty" or "mandatory duty or guideline." See *Schmidt v. HTG, Inc.*, 265 Kan. 372, 392, 961 P.2d 677 (1998).

The appellant relies on K.S.A. 2000 Supp. 68-406(c) to pierce governmental immunity by imposing a legal duty on KDOT to maintain the roads where it had authorized signs. The appellant's reliance on the statute is misplaced because the statute does not impose a duty on KDOT to maintain the roads due to Crupper's signs. We find no other statute, policy manual, or guideline that removes KDOT's discretion in granting permission to local businesses to erect signs to the businesses.

The district court did not err in granting summary judgment in favor of KDOT.

Affirmed.