A. J. Kotich, General Counsel Kansas Department of Human Resources 800 SW Jackson, Suite 600 Topeka, Kansas 66612-1227
Dear Mr. Kotich:
As General Counsel for the Kansas Department of Human Resources (KDHR), you request our opinion on the issue of whether "Paid Loss Reporting Forms" (Form K-WC 92) are required to be provided to requesters under the Kansas Open Records Act (KORA).[1]
The records in question are annual reports created by certain Kansas employers and sent to KDHR's Division of Workers Compensation. The report is on a standardized form which states in pertinent part:
 "This is to certify that during the period (Time frame given) the following benefit payments were made pursuant to the Workers Compensation Act.
"REPORT THE FOLLOWING:
 "Total of all weekly compensation payments; travel and per diem for medical examination and/or treatment; lump sum payments; compromise settlements; hospital, appliance and medical payments; vocational rehabilitation; and, [sic] death and funeral benefits during said period are $__________________. DO NOT INCLUDE ATTORNEY FEES AND/OR OTHER EXPENSE AND ASSESSMENTS."
K.S.A. 75-5708 establishes the KDHR Division of Workers Compensation, which is thus authorized to perform duties as required by the Workers Compensation Act.[2] K.S.A. 74-716 authorizes the director of the Workers Compensation Division to "require from each workers' compensation insurance carrier, self-insurer or group-funded workers' compensation pool, at such time and in accordance with regulations of the director, reports of all payments of compensation made by such workers' compensation insurance carrier, self-insurer or group-funded workers' compensation pool during any period." Thus, employers report such payments to the Division of Workers Compensation using the above referenced form.[3] This is how the KDHR comes to possess the record or information in question.
The KORA applies to all public records, defined in K.S.A. 45-217(f) to mean "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency. . . ." The KDHR is a public agency subject to the KORA.[4]
Under K.S.A. 75-5725, the secretary of KDHR is the official custodian of all public records possessed by that agency.[5] As the records in question are possessed by the KDHR in the course of performing official duties associated with that agency, they are in fact "public records" subject to the KORA.
Pursuant to K.S.A. 45-218(a), all public records are to be open for public inspection unless otherwise closed by law. Thus, the issue becomes whether this particular type of record or information may lawfully be closed. We have located two statutes that must be considered in making this determination.
The first of these two laws is K.S.A. 2002 Supp. 44-550b. This statute applies only to records possessed by the KDHR's Division of Workers Compensation. It states in pertinent part:
 "(a) All records provided to be maintained under K.S.A. 44-550 and amendments thereto and notwithstanding the provisions of K.S.A. 45-215, et seq., and amendments thereto, shall be open to public inspection, except:
 "(1) Records relating to financial information submitted by an employer to qualify as a self-insurer pursuant to K.S.A 44-532 and amendments thereto;
 "(2) records which relate to utilization review or peer review conducted pursuant to K.S.A. 44-510j and amendments thereto shall not be disclosed except to the health care provider and as otherwise specifically provided by the workers compensation act;
 "(3) records relating to private premises safety inspections;
 "(4) medical records, forms collected pursuant to subsection (b) of K.S.A. 44-567 and amendments thereto, accident reports maintained under K.S.A. 44-550
and amendments thereto, and social security numbers pertaining to an individual which shall not be disclosed except. . . ."[6]
K.S.A. 44-550 provides:
 "The director shall designate a person to maintain a full, true and correct record of all proceedings of the director, of all documents or papers filed by the director, or with the director, of all awards, orders and decisions made by the director and such person shall be responsible to the director for the safe custody and preservation of all such papers and documents."[7]
The records in question do not appear to contain the type of information listed in K.S.A. 2002 Supp. 44-550b, and thus, we do not believe that K.S.A. 2000 Supp. 44-550b allows closure of the records in question.[8]
The only other exceptions to the KORA's mandatory openness that may allow closure of these records and information appear to be those found in K.S.A. 2002 Supp. 45-221(a). However, before considering whether any of these exceptions might apply to the records in question, we must first examine what appears to be a legal issue of first impression; the specific meaning of the language in K.S.A. 2002 Supp. 44-550b which states "[a]ll records provided to be maintained under K.S.A. 44-550 and amendments thereto and not withstanding the provisions of K.S.A. 45-215,et seq., and amendments thereto, shall be open to public inspection. . . ."[9]
The emphasized language in K.S.A. 2002 Supp. 44-550b was added to this statute in 1997.[10] Unless otherwise stated, words and phrases used in statutes "shall be construed according to the context and the approved usage of the language, but technical words and phrases, and other words and phrases that have acquired a peculiar and appropriate meaning in law, shall be construed according to their peculiar and appropriate meanings."[11] The word "notwithstanding" is generally defined as "[a]ll the same, nevertheless, in spite of the fact, although. . . ."[12]
Thus, on its face, the word "notwithstanding" appears to provide for the abrogation of the KORA rules that might otherwise permit some public records to be closed.
The primary rule of statutory construction is to give effect to the statute's clear meaning, however, if a statute is ambiguous, a court is to determine legislative intent and give effect to that intent.[13]
Intent of Legislature is to be derived in the first place from words used in the statute.[14] When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute.[15] In construing statutes and determining legislative intent, several provisions of an act in pari materia must be construed together with view of reconciling and bringing them into workable harmony if possible.[16]
Legislative history of the 1997 amendment that added the "notwithstanding" phrase to K.S.A. 2002 Supp. 44-550b evidences that this language was first included in the proposed amendment by the revisor's office. The bulk of the amendments made that year spoke to what types of records were being closed. In reviewing legislative history and testimony on the 1997 amendment to the statute, we found no evidence that any further discussion took place as to the "notwithstanding" phrase being added.
It is intent of legislature, where it can be ascertained, which governs construction of statute, and legislature is presumed to have expressed its intent through language of statutory scheme it enacted.[17] It appears reasonable to conclude that if the Legislature had intended to completely change the law allowing closure of certain public records as set forth and otherwise allowed by the KORA, there would have been some discussion of that evidenced in the legislative record. There is a complete lack of such discussion in the legislative history. Under the rules of statutory construction, it is presumed that the legislature understood the meaning of words it used and intended to us them.[18]
The Legislature is presumed to intend its enactments to be read literally, unless doing so leads to absurd results.[19] We therefore must to conclude that, in adding the word "notwithstanding" to K.S.A. 2002 Supp. 44-550b, the Legislature intended that word to mean what it normally does.
Thus, lacking any legislative history to the contrary and in keeping with statutory construction rules, we must presume that the Legislature knew the meaning of "notwithstanding" when it amended K.S.A. 2002 Supp.44-550b, and that it intended use of that word to have the ordinary result attributed to its use and meaning. It is therefore our opinion that K.S.A. 2002 Supp. 44-550b does not close the records in question and that the KDHR cannot properly rely upon K.S.A. 2002 Supp. 45-221 to close portions of the public record in question.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] K.S.A. 45-215 et seq.
[2] K.S.A. 44-501 et seq.
[3] See also K.S.A. 44-557, requiring employers to report work related accidents to the director of the Worker Compensation Division and K.A.R.51-1-1.
[4] K.S.A. 45-217(e) defines public agency as "the state or any political or taxing subdivision of the state or any office, officer, agency or instrumentality thereof, or any other entity receiving or expending and supported in whole or in part by the public funds appropriated by the state or by public funds of any political or taxing subdivision of the state."
[5] "The secretary of human resources shall have the legal custody of all records, memoranda, writings, entries, prints, representations or combinations thereof of any act, transaction, occurrence or event of the department of human resources."
[6] Emphasis added.
[7] Emphasis added.
[8] Counsel for KDHR reached the same conclusion.
[9] Emphasis added.
[10] L. 1997, ch. 125, § 11. See also 1997 HB 2011 which was adopted, and the original language in question first contained in 1997 SB 321.
[11] K.S.A. 77-201 Second.
[12] Websters II Dictionary 805 (1988).
[13] Link, Inc. v. City of Hays, 266 Kan. 648 (1999).
[14] Davis v. City of Leawood, 257 Kan. 512 (1995).
[15] In re Marriage of Hoffman, 28 Kan. App. 2d 156 (2000).
[16] State v. Vega-Fuentes, 264 Kan. 10 (1998).
[17] Brown v. Board of Education, USD 333, Cloud County, 261 Kan. 134
(1996).
[18] Osborn v. Electric Corp. of Kansas City, 23 Kan. App. 2d 868
(1997).
[19] Jenkins v. City of Topeka, 948 F. Supp. 556 (D.Kan. 1997).