(911 P.2d 198)

No. 74,158

ROBERT BOUCHER, *Appellee*, v. PEERLESS PRODUCTS, INC., and HOME INDEMNITY COMPANY, *Appellants*.

Opinion filed February 2, 1996.

*John David Jurcyk* and *Douglas M. Greenwald*, of McAnany, Van Cleave & Phillips, P.A., of Lenexa, for appellants.

*Kathryn P. Barnett*, of Barnett Law Firm, Chartered, of Kansas City, for appellee.

*Timothy A. Short*, of Spigarelli, McLane & Short, of Pittsburg, for *amicus curiae* Kansas Trial Lawyers Association.

*Gerald L. Green* and *Cinda Smith Norberg*, of Gilliland & Hayes, P.A., of Hutchinson, for *amicus curiae* Kansas Association of Defense Counsel.

Before GERNON, P.J., LEWIS, J., and ROBERT G. JONES, District Judge, assigned.

JONES, J.: Peerless Products, Inc., and Home Indemnity Company (Peerless) appeal from an order of the Workers Compensation Board (Board) reversing the order of the administrative law judge (ALJ) which denied an award for permanent partial disability and allowed an award for medical expenses incurred and future

medical compensation. The facts surrounding Boucher's accidental injury at Peerless are not at issue, and there is no dispute that the parties stipulated before the ALJ that if an award for permanent partial impairment was made, it would be a 9.2% permanent partial disability to the body as a whole. Peerless contends the Board erred in awarding a permanent partial disability benefit because the injury did not cause Boucher to miss any time from work. Peerless also contends that the Board erred in affirming the ALJ's award of future medical compensation because Boucher had not shown a need for future medical treatment.

Boucher works as a plant manager for Peerless. In November 1993, while stopped at a stoplight on his way to a company meeting, Boucher's car was hit from behind by another car. At the time, Boucher was not treated for any injury. He later developed pain and discomfort in his neck which required medical attention. Boucher did not miss any work because of the accident or his ensuing injury.

Boucher attended physical therapy sessions two to three times per week for approximately 4 weeks following the accident. As of the time of the hearing before the ALJ, he had not seen a doctor for 10 months. Boucher still has problems of stiffness and restricted mobility with his neck that he did not have before. His condition does not prevent him from performing his duties as a plant manager. At the hearing, Boucher testified that he can no longer lift certain objects that he used to be able to lift at the plant, but this inability does not affect the performance of his duties.

The parties stipulated to the ALJ that an employer-employee relationship existed between Peerless and Boucher, that Boucher's injury arose in the course of employment, that Peerless had notice of the injury, and that jurisdiction exists under the Kansas Workers Compensation Act. The issues before the ALJ were whether Boucher was entitled to an award for the 9.2% permanent partial disability and whether Boucher was entitled to an award for possible future medical expenses. Boucher had requested an award for future medical expenses in case his condition should worsen and he needed medical attention.

The ALJ denied Boucher's claim for permanent partial disability.

The ALJ ruled that Boucher's future medical expenses should be compensated based upon the following reasons:

"Normally, whether a claimant will need future medical treatment must be determined from the testimony of physicians who have had an opportunity to treat or examine the claimant and is based on their expressed expectations of such a need. Here there is evidence that following the conservative treatment by Dr. Whitehead, the claimant has not received any medical treatment for an extended period and while he reports difficulty in doing some of the physical tasks associated with his employment, he does not express any particular activity which severely aggravates his complaints. On the other hand, Dr. Tillema expresses his opinion that he would not have sustained the present disability but for the preexisting cervical condition and since this injury has evidently increased that preexisting cervical disability, an award of future medical compensation should be made in the event that it does require additional medical treatment."

On review, the Board reversed the ALJ on the issue of permanent partial disability, finding *Raffaghelle v. Russell*, 103 Kan. 849, 176 Pac. 640 (1918), controlling. The Board affirmed the order of future medical compensation, finding that the ALJ had conditioned any future recovery by Boucher upon proper application, notice, and hearing. Pursuant to an order nunc pro tunc, the Board awarded Boucher a lump sum permanent partial disability benefit of $11,950.34. Peerless appeals.

The first issue is whether a claimant under workers compensation can recover permanent partial disability benefits where he did not miss any work as a result of his injury and was not disabled by the injury from earning full wages at his regular job at which he is employed. The question here is purely a question of law to be decided upon the uncontroverted and stipulated facts. Our standard of review of an appeal of the Board's conclusions is plenary and unlimited. *Excel Corp. v. Kansas Human Rights Comm'n*, 19 Kan. App. 2d 6, 15, 864 P.2d 220, *rev. denied* 253 Kan. 857 (1993); *Overbaugh v. Strange*, 18 Kan. App. 2d 365, 366, 853 P.2d 80 (1993), *aff'd as modified* 254 Kan. 605, 867 P.2d 1016 (1994). This court's review of actions of the Board "shall be upon questions of law." K.S.A. 44-556(a).

The pertinent statutes are K.S.A. 44-501(c) and (g):

"(c) *Except for liability for medical compensation,* as provided for in K.S.A. 44-510 and amendments thereto, the employer shall not be liable under the workers

compensation act in respect of any injury which does not disable the employee for a period of at least one week from earning full wages at the work at which the employee is employed. . . .

. . . .

"(g) It is the intent of the legislature that the workers compensation act shall be liberally construed for the purpose of bringing employers and employees within the provisions of the act to provide the protections of the workers compensation act to both. The provisions of the workers compensation act shall be applied impartially to both employers and employees in cases arising thereunder." (Emphasis added.)

Subsection (c) has been amended several times since its enactment in 1927. Pertinent to this appeal is the emphasized portion of K.S.A. 44-501(c), which was added to the statute in 1975. Subsection (g) was enacted in its entirety in 1987.

"Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995). See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

"[W]hen a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be. Thus, no room is left for statutory construction." *State v. Schlein*, 253 Kan. 205, 219, 854 P.2d 296 (1993). "When determining whether a statute is open to construction, or in construing a statute, *ordinary words are to be given their ordinary meaning, and courts are not justified in disregarding the unambiguous meaning. Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, Syl. ¶ 7, 834 P.2d 368 (1992)." (Emphasis added.) *State ex rel. Stephan v. Board of Seward County Comm'rs*, 254 Kan. 446, 448, 866 P.2d 1024 (1994).

When reviewing questions of law, a court may substitute its opinion for that of the administrative agency. See *State ex rel. Stephan v. Kansas Racing Comm'n*, 246 Kan. 708, 720, 792 P.2d 971 (1990). Where the language used is plain, unambiguous, and appropriate to an obvious purpose, the court should follow the intent as expressed by the words used. *Chavez v. Markham*, 256 Kan. 859, 865, 889 P.2d 122 (1995); *Underwood v. Allmon*, 215 Kan. 201, 204, 523 P.2d 384 (1974). The courts are to give language of stat-

utes their commonly understood meaning, and it is not for the courts to determine the advisability or wisdom of language used or to disregard the unambiguous meaning of the language used by the legislature. *In re Marriage of Welliver*, 254 Kan. 801, 809, 869 P.2d 653 (1994).

The language set forth in K.S.A. 44-501(c) and (g) are words of common understanding, and meanings are clear, unambiguous, and appropriate to an obvious purpose.

The predecessor to K.S.A. 44-501(c) required a 2-week waiting period prior to being covered and made no provision for medical compensation incurred by the employee. See *Raffaghelle v. Russell*, 103 Kan. at 850.

The legislature clarified its intention regarding the need for compensation to an employee when the employee does not lose time from work but has incurred medical expenses. Pursuant to the 1975 amendment, K.S.A. 44-501(c) now provides that the employer is liable for payment of certain medical compensation and care of the injured employee as provided by K.S.A. 44-510. We have found no cases which have construed the language added to the statute in 1975.

Clearly, under the Workers Compensation Act as amended, where an injury does not disable the employee for a period of at least 1 week from earning full wages at the work at which the employee is employed, the employer is liable only for the medical expenses incurred by the employee, there being no loss of wages or compensation to the employee.

The Workers Compensation Act, as amended in 1987, is to provide the protections of the Workers Compensation Act to both the employers and employees within the provisions of the Act and shall be applied impartially to both employers and employees in cases arising thereunder. K.S.A. 44-501(g).

In construing statutes, the legislative intention is to be determined from the general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. The stated intent of the legislature, at the time of

*Raffaghelle v. Russell*, 103 Kan. 849; *Alexander v. Chrysler Motors Parts Corp.*, 167 Kan. 711, 207 P.2d 1179 (1949); and the line of cases following their decisions, has changed. At the time of *Raffaghelle*, the statute required that " 'the employer shall not be liable under this act in respect of any injury which does not disable the workman for a period of at least two weeks from earning full wages at the work at which he is employed.' " 103 Kan. at 850. The earlier cases were premised on the common-law rule of liberal construction of the Kansas Workers Compensation Act in favor of the employee. The legislature has since reduced the period of disability required to qualify for workers compensation from 2 weeks to 1 week. If the legislature had not intended the Act to be enforced, then there would have been no reason for the legislature to shorten the period of time from 2 weeks to 1 week. The Act was also amended to specifically set forth the legislature's intent that the "workers compensation act shall be applied impartially to both employers and employees in cases arising thereunder." K.S.A. 44-501(g); see *Bay v. Funk*, 19 Kan. App. 2d 440, 444, 871 P.2d 268 (1994); *Fetzer v. Boling*, 19 Kan. App. 2d 264, 268-69, 867 P.2d 1067 (1994).

As evidence of the legislative intent, we point to the meeting of the House Committee on Labor and Industry on January 22, 1975, in a special emergency meeting called at the request of the Speaker of the House "because of a situation where state employees are not paid during the first week under workmen's compensation" and "state employees hurt on the job cannot have expenses paid unless they are off 7 days." The committee determined that House Bill 2144 was recommended for passage, making the determination that the bill would remedy the situation so that "small medical expenses can be paid." The legislature intended there be a 7-day waiting period before coverage under the Act.

Application of the plain and unambiguous language of K.S.A. 44-501(c) is consistent with "the primary purpose of the Workers' Compensation Act," which is to "restore the injured worker to substantial and gainful employment." *Baxter v. L. T. Walls Constr. Co.*, 241 Kan. 588, 592, 738 P.2d 445 (1987).

The law clearly and concisely states the intent of the legislature without ambiguity. It is not for this court to interpret and change the intent of legislation that is clearly set forth in the statute. We affirm the determination of the ALJ denying recovery for permanent partial disability benefits and reverse the Board on that issue.

The next issue presented is whether the Board erred in awarding Boucher future medical compensation.

In reviewing the record, we do not find that Peerless applied for review of this issue pursuant to K.S.A. 44-551(b)(1). However, we further find that Boucher raised no objection, nor did he question jurisdiction over the issue of future medical compensation award. Both parties addressed the issue in their briefs. We find that this matter is properly before this court and will proceed on the basis that this is an issue to be determined by the court.

The ALJ awarded Boucher compensation for future medical expenses based upon the reasoning quoted previously, and the Board affirmed the ALJ on this issue.

*Ferrell v. Day & Zimmerman, Inc.*, 223 Kan. 421, 423, 573 P.2d 1065 (1978), in ruling upon the district court's disallowance of an application for future medical services based on the statement of a doctor that "[n]o further medication or treatment is indicated at this time," held that "[w]e cannot interpret that to mean that no future medical treatment is necessary or will in the future be necessary, only that future medical treatment does not now appear likely." Since K.S.A. 44-510 requires a claimant to prove the reasonableness of any future medical expenses, no hardship is worked upon Peerless. See 223 Kan. at 423. If Peerless believes the expense is excessive or unnecessary, it may demonstrate that fact to the ALJ and, if the ALJ agrees, the expense may be limited or disallowed.

We affirm the Board in its ruling allowing for future medical expenses only upon proper application, notice, and hearing.

Affirmed in part and reversed in part.