(977 P.2d 962)
No. 79,560

LARRY J. MATNEY, D. C., *Appellant*, v. MATNEY CHIROPRACTIC CLINIC, P.A., and STATE FARM FIRE & CASUALTY CO., *Appellees*.

Opinion filed April 2, 1999.

*Judy A. Pope*, of Dickson & Pope, P.A., of Topeka, for appellant.

*Rex W. Henoch*, of McAnany, Van Cleave & Phillips, P.A., of Lenexa, for appellees.

Before BRAZIL, C.J., ELLIOTT and RULON, JJ.

RULON, J.: Claimant Larry J. Matney, D.C., appeals the Workers Compensation Board's (Board) order denying him permanent partial general disability benefits and finding his insurance carrier, State Farm Fire & Casualty Co., properly designated his treatment

provider. We affirm in part, reverse in part, and remand the cause with directions.

Claimant, a chiropractor, was injured in June 1993 while lifting a table at work. Claimant is the president, vice-president, and sole shareholder of respondent Matney Chiropractic Clinic. The administrative law judge (ALJ) awarded claimant permanent partial general disability of 38.75%. The insurance carrier, State Farm Fire & Casualty Company, (State Farm) requested review by the Board. The Board found claimant was not disabled from working for 1 week under K.S.A. 1992 Supp. 44-501(c) and was, therefore, only entitled to medical compensation, not permanent partial general disability. The Board further found State Farm was allowed to designate claimant's treating physician. Additionally, the Board found claimant's medical expenses provided by Dr. Darrell Fore after September 9, 1994, were unauthorized.

Appellate review of agency actions is limited to questions of law. *Gleason v. Samaritan Home*, 260 Kan. 970, 976, 926 P.2d 1349 (1996). The court's interpretation of a statute is a question of law over which appellate review is unlimited. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993). The determination of whether the Board's findings of fact are supported by substantial competent evidence is a question of law. *Gleason*, 260 Kan. at 976. Importantly, this court does not reweigh the evidence or determine the credibility of witness testimony. *Guerrero v. Dold Foods, Inc.*, 22 Kan. App. 2d 53, 56, 913 P.2d 612 (1995).

## PRECLUSION OF BENEFITS

At the time of claimant's injury, K.S.A. 1992 Supp. 44-501(c) provided:

"Except for liability for medical compensation, . . . the employer shall not be liable under the workers compensation act in respect of any injury which does not disable the employee for a period of at least one week from earning full wages at the work at which the employee is employed."

Although the legislature amended K.S.A. 44-501(c) in 1996 to delete this section, the law in effect at the time of the injury governs the rights and obligations of the parties. See *Osborn v. Electric Corp. of Kansas City*, 23 Kan. App. 2d 868, 874, 936 P.2d 297, *rev.*

*denied* 262 Kan. 962 (1997). The 1996 amendments to K.S.A. 44-501(c) are not retroactive. *Osborn*, 23 Kan. App. 2d at 874-75. K.S.A. 1992 Supp. 44-501(c) unambiguously states that when an injury does not disable the employee for at least 1 week from earning full wages, the employer is liable only for the medical expenses. *Boucher v. Peerless Products, Inc.*, 21 Kan. App. 2d 977, 981, 911 P.2d 198, *rev. denied* 260 Kan. 991 (1996).

Although claimant decreased the number of hours worked, the record established claimant continued to draw the same bimonthly salary following his injury as before his injury. In fact, claimant's salary eventually increased. We are satisfied there was substantial competent evidence that claimant's injury did not disable him from earning full wages. As such, the Board did not err in finding claimant was ineligible for workers compensation benefits, other than medical compensation, under K.S.A. 1992 Supp. 44-501(c).

Claimant's argument the Board erred in denying him a work disability award is moot. Under K.S.A. 1992 Supp. 44-501(c), claimant was entitled only to medical compensation, so the Board did not err in finding claimant was not entitled to permanent partial general disability compensation.

## DESIGNATION OF HEALTH CARE PROVIDER

K.S.A. 44-510(a) states it is the employer's duty "to provide the services of a health care provider . . . as may be reasonably necessary to cure and relieve the employee from the effects of the injury." Respondent designated Dr. Darrell Fore as claimant's authorized treatment provider. The Board found, however, that because claimant and respondent are the same individual, State Farm was authorized to designate claimant's treatment provider. State Farm advised claimant that as of November 24, 1993, Dr. Kenneth Wertzberger was to be designated as claimant's only authorized health care provider. State Farm further advised claimant it would not pay for chiropractic visits to Dr. Fore after September 9, 1994. However, claimant continued to see Dr. Fore. The Board found claimant's visits to Dr. Fore after September 9, 1994, were unauthorized and not compensable.

K.S.A. 44-532(a) states: "[W]here the payment of compensation of the employee . . . is insured by a policy or policies, at the expense of the employer . . . the insurer . . . shall be subrogated to the rights and duties under the workers compensation act of the employer so far as appropriate . . . ." Usually, designating an authorized treatment provider is an employer's duty, but the insurance carrier may be subrogated to that duty as is appropriate. The Workers Compensation Act specifically requires the employer, rather than the employee, to designate the treatment provider. K.S.A. 44-510. The Workers Compensation Act does not intend for an employee to designate his or her own treatment provider. Where the employer and the employee are the same person, the intent of the Act is upheld by allowing the insurance carrier to step into the shoes of the employer to designate a treatment provider.

Claimant argues K.S.A. 44-532(a) applies only to situations in which the insurance carrier asserts rights of recovery against other entities when money has been paid to an injured worker. Claimant further argues there is no basis for allowing the insurance carrier to step into other rights of the employer. However, the plain language of the statute allows the insurance carrier to be subrogated to "the rights and duties under the workers compensation act of the employer." K.S.A. 44-532(a). Such language does not limit subrogation to recovering money from other entities. We are convinced the Board did not err in finding State Farm was allowed to designate claimant's treatment provider and is allowed to designate treatment providers for future care if needed.

## AUTHORIZED TREATMENT

Claimant asserts that Dr. Wertzberger authorized treatment by Dr. Fore, making such expenses compensable. Dr. Wertzberger first saw claimant on November 23, 1993, and stated claimant could continue conservative treatment. On November 24, 1993, State Farm designated Dr. Wertzberger as claimant's authorized treatment provider. On January 11, 1994, Dr. Wertzberger said it was acceptable for claimant to continue to see Dr. Fore for chiropractic treatment, but recommended 6 months to 1 year of such treatment. On January 21, 1994, Dr. Wertzberger said, "I believe the

prognosis is reasonably good for [claimant] to get better with conservative treatment. . . . I recommend that he go ahead and see the chiropractor near him." On June 6, 1994, State Farm told claimant Dr. Wertzberger was the only authorized treatment provider and treatment by Dr. Fore was not authorized. On September 7, 1994, State Farm told claimant no treatment from Dr. Fore would be authorized after September 9, 1994. On September 20, 1994, Dr. Wertzberger examined claimant and told him "if conservative treatment works, that is all that is needed. If the patient is able to tolerate the problem, then we should go no farther. If the problem is such that it is impairing his lifestyle severely, then a patient with [claimant's condition] does benefit from surgery." Dr. Wertzberger did not state that the continued conservative treatment of chiropractic care was unnecessary.

This record shows Dr. Wertzberger, as claimant's authorized treatment provider, approved claimant to continue treatment with Dr. Fore. There is no indication Dr. Wertzberger has determined such treatment is no longer necessary. Although State Farm attempted to disapprove all treatment by Dr. Fore, it did not have this authority, even acting in place of the employer. We conclude the Board erred in finding Dr. Fore's treatment was unauthorized when the evidence indicates Dr. Wertzberger approved such treatment.

We affirm the Board's denial of benefits other than medical compensation and its finding that State Farm had authority to designate claimant's treatment provider. We reverse the Board's denial of payment for expenses of Dr. Fore's treatment of claimant and remand the cause to the Board to reinstate the award of medical expenses.