(994 P.2d 639)

No. 80,036 [1]

STEVEN H. OVERSTREET, *Appellee,* v. MID-WEST CONVEYOR CO., INC., and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, *Appellants.*

Opinion filed August 27, 1999.

*Gary R. Terrill,* of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, for appellants.

*James E. Martin,* of Law Offices of James E. Martin, of Overland Park, for appellee.

Before BRAZIL, C.J., KNUDSON, J., and JAMES P. BUCHELE, District Judge, assigned.

KNUDSON, J.: Mid-West Conveyor Co., Inc. (Mid-West) and Insurance Company of the State of Pennsylvania, its insurance carrier, appeal the Workers Compensation Board's (Board) award of permanent partial disability benefits (PPD) to Steven H. Overstreet. Mid-West argues Overstreet failed to prove he was disabled from earning full wages for at least 1 week, a prerequisite to obtaining nonmedical disability benefits under K.S.A. 44-501(c).

Overstreet was working for Mid-West in Chicago, Illinois, on August 28, 1995, when he jumped off a trailer, spraining his ankle. Overstreet was treated by Dr. Stuck in Chicago until October 5, 1995, when the doctor advised Overstreet that he was doing well but should not lift more than 25 pounds for 3 more weeks. Over-

---

[1] **REPORTER'S NOTE:** Previously filed as an unpublished opinion, the Supreme Court granted a motion to publish by an order dated November 9, 1999, pursuant to Rule 7.04 (1999 Kan. Ct. R. Annot. 44).

street's injury required him to wear a posterior splint and use crutches. Overstreet missed work from October 19, 1995, until November 5, 1995, because he could not walk on his ankle.

The parties stipulated that Overstreet's injury arose out of and in the course of his employment with Mid-West, that all requirements for notices and claims were timely complied with, that claimant's medical bills totalled $5,309.37, and that he suffered a 17% functional impairment to his left lower leg. The only issue pertinent to this appeal that was addressed below was whether Overstreet's injury disabled him for at least 1 week from earning full wages to entitle him to PPD under K.S.A. 44-501(c).

On June 20, 1997, the administrative law judge (ALJ) determined Overstreet was not entitled to PPD under K.S.A. 44-501(c) as interpreted in *Boucher v. Peerless Products, Inc.*, 21 Kan. App. 2d 977, 981-82, 911 P.2d 198, *rev. denied* 260 Kan. 991 (1996). Specifically, the ALJ found Overstreet did not prove he was disabled and incapable of earning full wages for over a week. The ALJ did, however, award Overstreet $5,309.37 for medical expenses.

The Board reversed the ALJ's ruling on the PPD issue, finding Overstreet had proved he was disabled and unable to work from October 19, 1995, to November 5, 1995. The Board relied on Overstreet's uncontradicted testimony that he could not work due to his ankle injury to support this conclusion. Thus, the Board awarded Overstreet 17% PPD for injury to his left leg, for a total award of $10,529.80. Mid-West appeals, contending the Board erred in its interpretation of K.S.A. 44-501(c). Mid-West further contends that the findings of the Board are not supported by substantial competent evidence.

Actions under the Kansas Workers Compensation Act are reviewed pursuant to the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.* K.S.A. 1995 Supp. 44-556(a). The KJRA further states that such review shall be limited to questions of law. K.S.A. 1995 Supp. 44-556(a). Whether the Board has erroneously interpreted K.S.A. 44-501(c) is a question of law. K.S.A. 77-621(c)(4). So also, the determination of whether the Board's findings of fact are supported by substantial competent evidence is a question of law. See K.S.A. 77-

621(c)(7); *Roberts v. J.C. Penney Co.*, 263 Kan. 270, 274, 949 P.2d 613 (1997).

K.S.A. 44-501(c), at the time of Overstreet's injury, stated, in material part: "[T]he employer shall not be liable under the workers compensation act in respect of any injury which does not disable the employee for a period of at least one week from earning full wages at the work at which the employee is employed." This language was subsequently deleted from the statute. See K.S.A. 1998 Supp. 44-501(c). However, in workers compensation cases, the law in effect at the time of the injury governs the rights and obligations of the parties. *Osborn v. Electric Corp. of Kansas City*, 23 Kan. App. 2d 868, 874, 936 P.2d 297, *rev. denied* 262 Kan. 962 (1997).

Mid-West contends the Board misinterpreted K.S.A. 44-501(c). Mid-West argues that as a matter of law there must be medical evidence introduced to support a claimant's assertion of disability under the statute. The Board concluded that medical evidence is not essential to support a finding of disability, citing *Tovar v. IBP, Inc.*, 15 Kan. App. 2d 782, 817 P.2d 212, *rev. denied* 249 Kan. 778 (1991). In *Tovar*, this court stated: "[M]edical evidence is not essential to the establishment of the existence, nature, and extent of an injured worker's disability." 15 Kan. App. 2d at 784.

Mid-West relies heavily on *Boucher*, 21 Kan. App. 2d 977, for the proposition that Overstreet is not entitled to PPD. In *Boucher*, the Court of Appeals affirmed the ALJ's denial of PPD compensation. 21 Kan. App. 2d at 983. However, Boucher did not miss any work and was not disabled from earning full wages as a result of his injury. 21 Kan. App. 2d at 979. Those circumstances make *Boucher* materially distinguishable from the case now before us— Overstreet testified he was unable to work as a result of his ankle injury.

We conclude the Board did not err in its interpretation of K.S.A. 44-501(c). As was stated in *Tovar*, 15 Kan. App. 2d at 784, a claimant's testimony may support a finding of disability; it is not required that there be medical evidence to support such a finding by the trier of fact.

Mid-West further contends that under K.S.A. 44-501(c), Overstreet must have an actual wage loss for at least 1 week before

there can be an entitlement to disability benefits. Mid-West argues that because there was no evidence presented that Overstreet sustained any wage loss from October 19, 1995, through November 5, 1995, as a matter of law he is not entitled to PPD. This contention is without legal merit. K.S.A. 44-501(c) does not state there must be an actual wage loss; rather, the statute quantifies the nature and extent of a claimant's injury—that is, did the injury temporarily preclude the claimant from earning his or her regular wages. Whether an employer continues to pay actual wages while a claimant is temporarily and totally disabled is not controlling to determine whether the 1-week statutory threshold has been met.

This brings us to the issue of whether there is substantial competent evidence to support the Board's findings. Overstreet testified that he was unable to work from October 19, 1995 to November 5, 1995, because he could not walk on his ankle. His testimony was the only evidence produced at the hearing, and thus, it was uncontroverted. If evidence is presented that is uncontradicted and not improbable, unreasonable, or shown to be untrustworthy, the finder of fact cannot disregard this evidence, and it should be regarded as conclusive. See *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 285, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

Significantly, the Board also found:

"[T]he medical treatment records entered into evidence by stipulation indicated claimant had received a severe left ankle injury. At the time claimant was last seen by Dr. Stuck on October 5, 1995, claimant remained in a brace, had limits on his lifting activities, had further treatment recommended in the form of physical therapy, and was instructed to obtain further medical treatment if his left ankle injury had not resolved in six weeks. The Appeals Board also concludes that the severity of claimant's ankle injury is further substantiated by the parties stipulating that as a result of claimant's injury he sustained a 17 percent permanent functional impairment."

We conclude the Board's findings are based upon substantial competent evidence and are sufficient to support the favorable award to claimant.

For all of the foregoing reasons, and after a thorough review of the record and each of the claims raised by Mid-West, we deter-

mine that neither reversal nor modification of the Board's order is required under the law and the evidence.

Affirmed.