(995 P.2d 881)
No. 81,208

JERI FARRELL, *Appellee,* v. U.S.D. #229 and KANSAS ASSOCIATION OF SCHOOL BOARDS, *Appellants.*

—

Opinion filed December 30, 1999.

*Douglas M. Greenwald* and *Frederick J. Greenbaum,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for the appellants.

*Kip A. Kubin,* of Payne & Jones, Chartered, of Overland Park, for appellee.

Before JUSTICE SIX, presiding, TERRY L. BULLOCK, District Judge, assigned, and ROBERT W. FAIRCHILD, District Judge, assigned.

FAIRCHILD, J.: U.S.D. #229 and its insurer, Kansas Association of School Boards (respondents), appeal from an order of the Workers Compensation Board (Board), awarding claimant Jeri Farrell permanent partial disability benefits.

We agree with the Board and affirm.

Claimant was employed as a teacher at Blue Valley Middle School. On December 2, 1992, while supervising students in the school gym, claimant was struck on the left side of her face with a basketball. Claimant was off work for the next 2 days. For the remainder of the school year, claimant took additional sick leave days or partial days which cumulatively totaled at least 5 days because of the work-related injury.

On September 29, 1994, claimant was again supervising students in the gym when she was struck on the left side of her face with a volleyball. Though claimant continued to work that day, she subsequently missed nonconsecutive work days totaling over 5 days. Claimant received sick leave benefits for all absences due to the 1992 and 1994 injuries.

Respondents argue claimant failed to satisfy the requirements of K.S.A. 1992 Supp. 44-501(c). Specifically, they argue that claimant was not disabled from working for 5 consecutive days and that claimant's receipt of sick leave compensation equates with earning full wages for any days off work.

At issue is interpretation of K.S.A. 1992 Supp. 44-501(c), which states in relevant part:

> "Except for liability for medical compensation, as provided for in K.S.A. 44-510 and amendments thereto, the employer shall not be liable under the workers compensation act in respect of any injury which does not disable the employee for a period of at least one week from earning full wages at the work at which the employee is employed."

The Board affirmed the administrative law judge's award of 10% permanent partial disability benefits, 5% of which was attributed to the first injury and 5% to the second injury. The Board concluded that 5 nonconsecutive days of work satisfies the 1-week disability requirement of K.S.A. 1992 Supp. 44-501(c) and, further, that sick-leave pay is not wages earned at the work at which the employee is employed.

The parties also disagreed about whether claimant's sick days were a result of disability arising from the work-related injuries and whether days off totaled at least 5 days after each injury. The determination of whether the Board's findings of fact are supported by substantial competent evidence is a question of law subject to review under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*; *Roberts v. J.C. Penney Co.*, 263 Kan. 270, 274, 949 P.2d 613 (1997). We will affirm the Board's ruling absent proof of an arbitrary disregard of undisputed evidence or some other extrinsic consideration such as bias, passion, or prejudice. *Bradford v. Boeing Military Airplanes,*

22 Kan. App. 2d 868, 870, 924 P.2d 1263, *rev. denied* 261 Kan. 1084 (1996).

The Board's ruling that claimant was disabled from work as a result of her injuries for at least 5 days per injury is supported by substantial competent evidence. That leaves for determination the issues of whether the term, "a period of at least one week," includes a nonconsecutive 5-day period and whether the claimant's receipt of sick leave pay is the same as "earning full wages at the work at which the employee is émployed."

Interpretation of a statute is a question of law. Our review of a question of law is unlimited. *Osborn v. Electric Corp. of Kansas City*, 23 Kan. App. 2d 868, 871, 936 P.2d 297 (1997). Respondents argue that the plain language of K.S.A. 1992 Supp. 44-501(c) requires 5 consecutive disability days off work. They rely on both *Osborn* and *Boucher v. Peerless Products, Inc.*, 21 Kan. App. 2d 977, 911 P.2d 198 *rev. denied,* 260 Kan. 991 (1996).

The issue in *Boucher* was whether a claimant could recover permanent partial disability benefits "where he did not miss any work as a result of his injury." 21 Kan. App. 2d 979. Respondents suggest that the claimant in *Boucher* "missed some time from work" because Boucher attended physical therapy sessions two to three times per week for approximately 4 weeks following his injury. We cannot glean from *Boucher* whether the claimant missed any work by virtue of his physical therapy appointments. More importantly, whether Boucher could accumulate days off to meet the requirements of K.S.A. 1992 Supp. 44-501(c) was not an issue.

Respondents also rely on the legislative history cited in *Boucher*. The *Boucher* court noted that the 1975 amendment to K.S.A. 44-501(c) permitted an employee who incurs medical expenses from a work-related injury yet loses no time from work to receive compensation for those expenses. The statute which preceded the 1975 amendment provided that the employer was not liable under the Act for disability benefits or medical expense payments if the claimant was not disabled for a period of at least 2 weeks. 21 Kan. App. 2d at 981-82. The *Boucher* court points out that the Speaker of the House, in calling for a meeting to discuss amending the statute in 1975, expressed concern that "state employees hurt on the job

cannot have [medical] expenses paid unless they are off 7 days." 21 Kan. App. 2d at 982. The *Boucher* court states: "The legislature intended there be a 7-day waiting period before coverage under the Act." 21 Kan. App. 2d at 982. This statement in *Boucher* is dicta. Moreover, there is no authority for the statement in the legislative history recounted by the court. The legislature's primary concern in making the 1975 amendments seems to have been to provide medical expense payments for persons who had not met the disability waiting period.

We do not interpret the legislative history or plain language of the statute as requiring a waiting period comprised of 7 days. The statute, as it existed during the time period relevant in this case, does not define the period in question using the term "7 days." Rather, the statutory language speaks of "a period of at least *one week* [during which the employee is prevented] from earning full wages at the work at which the employee is employed." [Emphasis added.] K.S.A. 1992 Supp. 44-501(c). Thus, the period in question is a period during which the claimant would normally be earning wages for work performed. A normal work week is comprised of 5 working days. The purpose of this statutory provision is to provide a means of eliminating insignificant injuries from coverage under the Act. See *Raffaghelle v. Russell*, 103 Kan. 849, 850-51, 176 P.2d 640 (1918).

Likewise, the *Osborn* case does not support the respondents' position. The *Osborn* court noted that the "[c]laimant testified, and the Board found, that claimant has missed no work as a result of his injuries, nor has he suffered any loss of wages." 23 Kan. App. 2d at 870. Thus, the issue before this court was not addressed in *Osborn*.

In response to the *Boucher* decision, the legislature in 1996 amended 44-501(c) eliminating all reference to the language interpreted in *Boucher* and questioned here. L. 1996, ch. 79, § 1. The legislature also enacted language expressing its intent that the amended 1996 version of 44-501(c) apply retroactively. K.S.A. 1998 Supp. 44-501a; L. 1996, ch. 79, § 2. The panel in *Osborn* found that the rights provided in the statute were substantive vested rights and, as such, could only apply prospectively. There-

fore, following *Boucher*, the claimant's award of permanent partial disability benefits was reversed. 23 Kan. App. 2d 874-75.

Respondents maintain K.S.A. 1992 Supp. 44-501(g) requires impartial application of the Act to employees and employers alike and the Board improperly applied a liberal interpretation in favor of the injured employee. To this end, respondents interpret 44-501(c) as requiring a claimant to have a medically documented disability from performing his or her job functions for a period of 5 consecutive days. We find 44-501(g) does not change the policy requiring liberal construction of the workers compensation law to effectuate the underlying policy of the Act for both employee and employer. See *Kinder v. Murray & Sons Construction*, 264 Kan. 484, 493, 957 P.2d 488 (1998).

The Board found that claimant was disabled from performing her job for a cumulative period of at least 1 week or 5 working days. The record supports this finding. We decline to add additional conditions to those already imposed by K.S.A. 1992 Supp. 44-501(c) on an employee attempting to establish a disability from performing his or her job. An employee who continues to perform his or her job in face of a work-related injury but is required to be off the job from time to time should not be penalized. A primary purpose of the Workers Compensation Act is to return employees to work at a comparable wage. K.S.A. 44-510g(a). We find that public policy dictates that a period composed of 5 nonconsecutive days off work satisfies the condition that a claimant be disabled for a period of at least 1 week under K.S.A. 1992 Supp. 44-501(c). This effectuates the underlying purpose of the Workers Compensation Act for both employee and employer. The employee is not penalized by continuing to work when able, and the employer is not faced with employees who must sit at home for a week to insure their right to benefits.

The last issue we must address is whether claimant was disabled from earning full wages. Respondents argue that claimant never suffered a loss of wages because she received annual paid sick leave during her period of absence from work.

We recently held that sick-pay benefits did not meet the definition of "wages" under K.S.A. 44-511. *Bohanan v. U.S.D. No. 260*,

24 Kan. App. 2d 362, 375-76, 947 P.2d 440 (1997). For purposes of interpreting 44-501(c), when an employee is off work and is receiving sick-pay benefits, he or she is not earning wages. We further note that in the modern work environment, nearly every employer provides some form of sick leave pay. Respondents' interpretation of wages would essentially nullify the purpose of the statute at issue here.

Affirmed.