No. 79,560

LARRY J. MATNEY, D.C., *Appellant,* v. MATNEY CHIROPRACTIC CLINIC, P.A., and STATE FARM FIRE & CASUALTY CO., *Appellees.*

(995 P.2d 871)

Opinion filed January 28, 2000.

*Judy A. Pope*, of Dickson & Pope, of Topeka, argued the cause and was on the briefs for appellant.

*Rex W. Henoch*, of Dorothy & Henoch, of Lenexa, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Employee chiropractor, who owned all the stock of an incorporated chiropractic clinic, injured his back at work. The Workers Compensation Board (Board) overruled the administrative law judge's (ALJ) award, finding that (1) because the employee chiropractor had not been disabled from earning full wages for more than 1 week, the employee was not entitled to a permanent partial disability award, and (2) due to the fact that the employee and the corporate employer were the same individual, the employer's insurance carrier had the statutory right to designate the treatment provider. The Court of Appeals affirmed the Board. The chiropractor's petition for review was accepted.

Larry J. Matney, a chiropractor employed by Matney Chiropractic Clinic, P.A. (Clinic), injured his back at work on June 30, 1993. Matney, who owned all the stock of the corporate employer, acted for the corporation in designating Dr. Darrell Fore as the treatment provider for his injuries. Matney notified the Clinic's insurance carrier, State Farm Fire & Casualty Co. (State Farm), of the health care provider designated. On November 24, 1993, State Farm designated Dr. Ken Wertzberger as the authorized treatment provider. Dr. Wertzberger examined Matney and approved Dr. Fore's treatment of Matney. State Farm notified Dr. Fore and Matney that it would not pay Dr. Fore for treatment of Matney after November 24, 1993. Matney continued to receive treatment from Dr. Fore after that date.

At a hearing before the ALJ, Matney testified that after his injury his working hours for the Clinic were reduced from 50 or more hours per week to approximately 25 hours per week and that he also occasionally took a long weekend to rest his back. The ALJ found that Matney's time working as a chiropractic physician for

the Clinic was reduced by approximately 50 percent. The ALJ determined that, because of the nature of the corporation and the fact that Matney was the sole shareholder, Matney's total income from the Clinic, which had not decreased, could not be considered as wages. The ALJ then concluded that Matney's wages paid by the Clinic had decreased due to his injury.

The ALJ noted that the Clinic's insurer had argued under K.S.A. 1992 Supp. 44-501(c) that Matney was not entitled to a permanent partial disability because his injury did not disable him for a period of at least 1 week from earning full wages. The ALJ found that although the record did not clearly reflect the days Matney was off work, Matney had testified that after the injury to his back, he was required to reduce his hours of work for the Clinic from 50 to 25 hours a week and occasionally took a long weekend off. Based on those facts, the ALJ concluded that as a result of Matney's injury, Matney had a 15 percent permanent partial disability from a functional standpoint and was entitled to be compensated for a work-related disability of 38.75 percent, or $100,000. The Clinic appealed to the Board.

The Board found that because Matney was not disabled from earning his regular wage for at least 1 week, he was entitled only to compensation for medical expenses. The Board also found that where a corporate employer employs an individual who owns all the stock of the corporation and the employer and the employee are the same person, the employer's insurance carrier has a statutory right to designate the health care provider. Matney appealed.

The Court of Appeals affirmed the Board. See *Matney v. Matney Chiropractic Clinic,* 26 Kan. App. 2d 69, 977 P.2d 962 (1999). The case is before this court on petition for review.

Matney contends that even though he continued to work after the injury, his reduced hours and periodic absences from work after the injury totalled more than 1 week of missed work. He also argues that the Court of Appeals erroneously focused on the total income he received from the Clinic rather than his actual wages and disability in reversing the ALJ's award of permanent partial disability.

The question presented is a question of law to be decided upon uncontroverted and stipulated facts. Our standard of review is ple-

nary and unlimited. See *Boucher v. Peerless Products, Inc.*, 21 Kan. App. 2d 977, 911 P.2d 198, *rev. denied* 260 Kan. 991 (1996).

K.S.A. 1992 Supp. 44-501(c) provides, in part:

"Except for liability for medical compensation, as provided for in K.S.A. 44-510 and amendments thereto, the employer shall not be liable under the workers compensation act in respect of any injury which does not disable the employee for a period of at least one week from earning full wages at the work at which the employee is employed."

We note that effective April 4, 1996, 44-501 was amended to eliminate the requirement that an employee be disabled for a period of at least 1 week from earning full wages before the employer is liable under the Workers Compensation Act. Because Matney's injury predated this change in the statute, the amendment does not apply to his case.

In reaching its determination that Matney was not entitled to permanent partial disability because he had not for a period of 1 week failed to earn full wages, the Court of Appeals relied on *Boucher*, 21 Kan. App. 2d 977.

In *Boucher*, the claimant lost no time from work as a result of his injury. The parties stipulated that the employee suffered a 9.2 percent permanent partial disability. The employee contended that he should not be denied a permanent partial disability award merely because he failed to miss work as a result of his injury.

The *Boucher* court first examined the language of K.S.A. 44-501(c) and then reviewed the legislative history of its enactment. The *Boucher* court observed that the legislative history of the statute indicates that the legislature intended there be an initial 7-day waiting period before coverage under the Workers Compensation Act. 23 Kan. App. 2d at 982. The court noted that the plain language of the statute references an injury that disables the employee *from earning full wages* at work for at least 1 week and concluded:

"Under the plain and unambiguous language of K.S.A. 44-501(c), where an injury does not disable the employee for a period of at least 1 week from earning full wages at the work at which the employee is employed, the employer is liable only for the medical expenses incurred by the employee, *there being no loss of wages or compensation to the employee.*" (Emphasis added.) 21 Kan. App. 2d 977, Syl. ¶ 2.

Matney argues that the Board and the Court of Appeals disregarded the ALJ's finding as to reduced hours and long weekends. Matney asserts that *Boucher* supports the ALJ's holding. We disagree.

In proceedings under the Workers Compensation Act, the burden of proof is on the claimant to establish the claimant's right to an award of compensation and to prove the various conditions in which the claimant's right depends. K.S.A. 1992 Supp. 44-501(a). We note that Matney testified that all income he received from the Clinic was paid as wages. Matney suffered no loss of wages due to his work injury. The Board did not err in concluding that Matney had earned full wages after his injury and in not awarding compensation other than medical expenses incurred.

## DESIGNATION OF TREATMENT PROVIDER

The Court of Appeals, relying on K.S.A. 44-532(a), observed that although it is usually the duty of the employer to designate an authorized treatment provider, because Matney owned all of the stock of his corporate employer, the corporation's insurance carrier was by statute subrogated to the duty of the employer. *Matney*, 26 Kan. App. 2d at 72.

K.S.A. 1992 Supp. 44-510(a) provides that it shall be the duty of the employer to provide the services of a health care provider as may be reasonably necessary to cure and relieve the employee from the effects of the injury. K.S.A. 44-532(a) states: "Where the payment of compensation of the employee . . . is insured by a policy or policies, at the expense of the employer . . . , the insurer . . . shall be subrogated to the rights and duties under the workers compensation act of the employer so far as appropriate. . . ."

Matney contends that the Court of Appeals ignored the plain language of 44-510(a) and erroneously applied 44-532(a) in construing legislative intent. The question requires the interpretation of statutes. Interpretation of a statute is a question of law, and the Supreme Court's review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

A corporation is an entity having authority under the law to act as a single person distinct from the shareholders who own it and having rights to issue stock and exist indefinitely. A corporation is a group or succession of persons established in accordance with legal rules into a legal or juristic person that has a legal personality distinct from the natural persons who make it up, exists indefinitely apart from them, and has the legal powers that its constitution gives it. Black's Law Dictionary 341 (7th ed. 1999).

The Board and the Court of Appeals strayed from the law recognizing a corporation as a distinct individual to find that State Farm had the authority to designate an employee's treatment provider. Kansas appellate courts have noted that a corporation is an artificial being, invisible, intangible, and existing only in contemplation of law. *Land Grant Railway v. Com'rs of Coffee County*, 6 Kan. 245, 253 (1870). The Board and the Court of Appeals in their analysis of 44-510(a) failed to note that a corporation must be thought of without reference to members who compose it. See *Williams v. Railway Co.*, 68 Kan. 17, 26, 74 Pac. 600 (1903). In addition, a stockholder of a corporation may contract with the corporation like any other individual. *Crane v. Downs*, 108 Kan. 599, 602, 196 Pac. 600 (1921).

K.S.A. 1992 Supp. 44-510(a) authorizes the employer to designate a treatment provider for an employee. When adopting this statute, the legislature was well aware of the fact that individuals form corporations and corporations purchase workers compensation insurance for their employees. If the legislature meant to prohibit a corporation from designating a treatment provider for employees who own stock in the corporation, it could have easily done so.

The Clinic acted within its statutory authority when designating Dr. Fore as its employee's (Matney's) treatment provider. Dr. Fore's charges for the treatment are to be paid as a designated treatment provider.

Affirmed in part and reversed in part.

SIX, J., concurring: Matney argues in his brief that the "week" referenced in K.S.A. 1992 Supp. 44-501(c) is not necessarily com-

posed of consecutive days. I agree. See *Farrell v. U.S.D.* No 229, No. 81,208, Court of Appeals opinion filed December 30, 1999. However, the definition of "week" in 44-501(c) is not a controlling issue here. As the majority correctly observes "Matney suffered no loss of wages due to his work injury." The Court of Appeals reached a similar conclusion. "In fact, claimant's salary eventually increased. We are satisfied there was substantial competent evidence that claimant's injury did not disable him from earning full wages." *Matney v. Matney Chiropractic Clinic,* 26 Kan. App. 2d 69, 71, 977 P.2d 962 (1999).

DAVIS, J. joins in the foregoing concurring opinion.