(996 P.2d 358)

No. 82,282

82,317

DONALD E. CURRAN, *Appellee/Cross-appellant,* v. LAWRENCE PAPER COMPANY and KANSAS WORKERS COMPENSATION FUND, *Appellants/Cross-appellees.*

—

Opinion filed February 4, 2000.

*Mark E. Kolich,* of Mustain, Higgins, Kolich, Lysaught & Tomasic, Chtd., of Kansas City, for appellant Lawrence Paper Company.

*Eugene C. Riling,* of Riling, Burkhead & Nitcher, Chtd., of Lawrence, for appellee.

*Michael R. Wallace,* of Shawnee Mission, and *Derek R. Chappell,* of Jordan and Chappell Law Office, of Ottawa, for appellant Kansas Workers Compensation Fund.

Before JUSTICE ABBOTT, presiding, STEPHEN D. HILL, District Judge, assigned, and ROBERT J. SCHMISSEUR, District Judge, assigned.

HILL, J.: This is an appeal taken by the Lawrence Paper Company (Company) and the Kansas Workers Compensation Fund (Fund) from the Workers Compensation Board's (Board) awarding permanent partial disability compensation to the claimant, Donald E. Curran. In a cross-appeal, the claimant alleges that the Board

failed to rule on a certain issue of law. We affirm the Board and decline to consider the cross-appeal.

The claimant operated a forklift in the shipping department of the Lawrence Paper Company. This work required him to steer with his left hand while operating the controls of the lift with his right hand. The claimant developed pain in his left hand. He informed his employer of this and was sent for medical treatment. The claimant ultimately underwent carpal tunnel surgery.

The claimant missed only 3 days of work following the surgery. One of his doctors had recommended some work restrictions, which the claimant and the Company followed. The claimant worked on the accommodated job for 5 days before finally returning to his regular duties.

The administrative law judge denied the claimant permanent partial disability benefits on the basis that the claimant was not disabled for a period of at least 1 week from earning full wages at his work with the Company.

On appeal, the Board reversed and found that the claimant was entitled to permanent partial disability benefits. The Board concluded that the claimant did miss 3 days of work and was then placed on light duty for another 5 days; therefore, the claimant was disabled from doing his normal work duties as a forklift operator for 8 days.

The Company and the Fund both argue that the claimant was not eligible for permanent partial disability compensation by operation of K.S.A. 1992 Supp. 44-501(c).

Interpretation of a statute is a question of law subject to unlimited review. See *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 283, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

K.S.A. 1992 Supp. 44-501(c) states:

"Except for liability for medical compensation, as provided for in K.S.A. 44-510 and amendments thereto, the employer shall not be liable under the workers compensation act in respect of any injury which does not disable the employee for a period of at least one week from earning full wages at the work at which the employee is employed."

Since 1977, our Supreme Court has held that a worker who suffered an actual injury resulting in permanent partial disability

could maintain a claim for the disability even if the worker returned to work within a week. *Gillig v. Cities Service Gas Co.*, 222 Kan. 369, 371, 564 P.2d 548 (1977). The clear purpose of 44-501(c) was to protect employers from trivial and inconsequential claims, not to bar workers who suffered injuries which resulted in permanent partial disability. *Alexander v. Chrysler Motor Parts Corp.*, 167 Kan. 711, Syl. ¶ 4, 207 P.2d 1179 (1949).

Then, in 1995, in *Boucher v. Peerless Products, Inc.*, 21 Kan. App. 2d 977, 911 P.2d 198 (1996), *rev. denied* 260 Kan. 991 (1996), a panel of the Court of Appeals interpreted 44-501(c) in the light of a 1975 amendment which added a medical compensation provision, along with a 1987 amendment which mandated impartial application of the Workers Compensation Act. Holding the statute was unambiguous and should be given its ordinary meaning, the panel reversed an award where the claimant did not miss any work because of his injury. 21 Kan. App. 2d at 978-81, 983. Our Supreme Court recently reached a similar conclusion in *Matney v. Matney Chiropractic Clinic, P.A.*, 268 Kan. 336, Syl. ¶ 1, 995 P.2d 871 (No. 79,560 filed January 28, 2000) (where injury does not disable employee for period of at least 1 week from earning full wages at work at which employee is employed, employer liable only for medical expenses incurred by employee) where the claimant had decreased the number of hours he had worked but drew the same salary.

However, this case is distinguishable from both *Boucher* and *Matney*. In *Boucher*, the claimant's injury did not prevent him from performing his duties as a plant manager. In *Matney*, the claimant simply reduced his hours but drew the same pay. In other words, in neither *Boucher* nor *Matney* did the injury disable the employee *from doing the work at which he was employed.* Here, the claimant was disabled from his regular work, that of driving a forklift.

In construing a statute, effect must be given, if possible, to every part of the act. *Boucher*, 21 Kan. App. 2d at 981. K.S.A. 1992 Supp. 44-501(c) requires that the employee be disabled for at least 1 week from *both* earning full wages and from doing the work for which he or she is employed. In this case, while the claimant received full wages for his accommodated work, he was not doing what he

was employed to do. To apply K.S.A. 1992 Supp. 44-501(c) because claimant received full wages after less than a week even though he could not do his job would be to ignore the unambiguous ordinary meaning of the statute.

In his cross-appeal, the claimant argues that K.S.A. 1992 Supp. 44-501(c) is not applicable to the scheduled injuries listed in K.S.A. 1992 Supp. 44-510d(a). The Board did not base its ruling on this rationale. Because we affirm the award, the question is moot, and we decline to consider the issue. See *Shanks v. Nelson*, 258 Kan. 688, Syl. ¶ 1, 907 P.2d 882 (1995) (appellate courts do not render advisory opinions).

Affirmed.